# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

JARROD GOODEN,                  :
:
          Plaintiff,         :
:
VS.                     :
:      **1 : 11-CV-60 (WLS)**
GREGORY WASHINGTON, *et al.*,  :
:
         Defendants.    :

---

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the Plaintiff's Motion for Default Judgment (Doc. 28). The Plaintiff filed this action on April 25, 2011, raising allegations regarding his confinement at Autry State Prison in June 2010 (Doc. 1). Plaintiff alleges that Defendants Washington and Crawford acted with deliberate indifference to Plaintiff's safety in escorting Plaintiff, while handcuffed, down a set of wet stairs without support and thereby allowing Plaintiff to fall down the stairs, resulting in injury. *Id.*

In his Motion for Default Judgment, the Plaintiff seeks default judgment against Defendant Aikens, based on this Defendant's failure to respond to Plaintiff's complaint (Doc. 28). Defendant Aikens was ordered served by Order dated July 22, 2011 (Doc. 16), and waiver of service forms were returned executed as to Defendant Aikens on September 23, 2011 (Doc. 24). According to his counsel, Defendant Aikens signed and returned the waiver form and timely sought representation, but the request for representation was misfiled. As a result, Defendant Aikens' Answer, due on October 16, 2011, was not filed until December 19, 2011

(Doc. 30).

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default", but "[t]he court may set aside an entry of default for good cause".  Fed. R. Civ. P. 55 (a) and (c).  In general, "there is a strong policy of determining cases on their merits [in this circuit] and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

Although Defendant Aikens failed to file a timely Answer, and the entry of default is therefore permissible herein, the Court finds that any entry of default should be set aside based on a showing of good cause.  In determining whether good cause exists to set aside an entry of default, the Court may consider, among other factors, "(1) whether the party has a meritorious defense, (2) how promptly the party acted to cure the default, (3) whether the default was willful, and (4) whether the non-defaulting party would be prejudiced." *Microsoft Corp. v. Computer Imaging Serv., Inc.,* 2007 WL 779076 (N.D.Ga.).  Herein, Defendant Aikens promptly responded to the Plaintiff's Motion for Default Judgment and promptly filed his Answer.  Defendant Aikens has established that the default was not willful, but was the result of inadvertence, and maintains that the default and resulting delay have not prejudiced the Plaintiff.  The Plaintiff has not challenged this contention, and has not alleged or established prejudice resulting from the default.

Accordingly, it is the recommendation of the undersigned that the Plaintiff's Motion for Default Judgment (Doc. 28) be **DENIED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United

States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this

Recommendation.

     **SO RECOMMENDED**, this 10th day of January 2012.

                                                 **s/** *THOMAS Q. LANGSTAFF*

                                               **UNITED STATES MAGISTRATE JUDGE**

asb