# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

JARROD GOODEN,                             :
                                           :
            Plaintiff,                     :
                                           :
      VS.                                  :
                                           :        **1 : 11-CV-60 (WLS)**
DR. EDWARD AIKENS,                         :
                                           :
            Defendant.                     :
_____:

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 are a Motion for Summary Judgment filed by Defendant Dr. Edward Aikens (Doc. 35), and various motions filed by the Plaintiff (Docs. 40, 41, 42, 43, 47).   The Court notified the Plaintiff of the filing of the Defendant's Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the Court's Order.   (Doc. 36). The Plaintiff did not respond.

Plaintiff filed this action in April 2011, raising allegations including deliberate indifference to his serious medical needs against Defendant Dr. Edward Aikens.   (Doc. 1). At the direction of the Court, Plaintiff filed a Motion for Leave to file an Amended Complaint regarding his allegations against Defendant Aikens on July 13, 2011.   (Docs. 13, 15).   The Court granted this Motion on July 22, 2011, and deemed Plaintiff's Complaint to have been amended.   (Doc. 16).   Plaintiff maintains that while he was incarcerated at Autry State Prison, he was injured after falling down jail stairs while handcuffed on or about June 20, 2010.   According to the Plaintiff, he informed Defendant Dr. Aikens that he was experiencing

dizziness and vomiting and had a knot on his head, but Dr. Aikens denied Plaintiff pain

medication and proper medical treatment for a period of time following Plaintiff's fall.

(Docs. 1, 15).   Plaintiff states that he "was not given a follow-up x-ray for my head injury

until 16 days had passed, also no medication was prescribed [sic] until 22 days had passed.

So I was left in pain an [sic] suffering while nothing was done.   Dr. Aikens could have

prevented this pain an [sic] suffering by giving me pain medicince [sic] that was not provided

until 7-13-10, 22 days after my injuries occured [sic]."   (Doc. 15, ¶ 3).

*Motion for Summary Judgment*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information,
> affidavits or declarations, stipulations (including those made for
> purposes of the motion only), admissions, interrogatory answers,
> or other materials; or
> (B) showing that the materials cited do not establish the absence
> or presence of a genuine dispute, or that an adverse party cannot
> produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the Defendant has the initial burden to

demonstrate that no genuine issue of material fact remains in this case.   *Celotex Corp. v.

Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).

The movant "always bears the initial responsibility of informing the district court of the basis

for its motion, and identifying those portions of the record, including pleadings, discovery

materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact.@ *Celotex*, 477 U.S. at 323.   AIf a party fails to properly support an assertion of fact or fails to properly address another party=s assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials B including the facts considered undisputed B show that the movant is entitled to it@   Fed.R.Civ.P. 56(e)(3).

In his Motion for Summary Judgment, Defendant Aikens asserts that the Plaintiff has failed to establish a claim of deliberate indifference to serious medical needs, in that he cannot establish the Defendant's knowledge of serious conditions and Defendant's intent to deprive Plaintiff of necessary treatment.   It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   ATo show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry.   First, a plaintiff must set forth evidence of an objectively serious medical need.   Second, a plaintiff must prove that the prison official acted with an attitude of >deliberate indifference=to that serious medical need.@ *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted).   A[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.@ *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

The Defendant has established by reference to the Plaintiff=s Complaints, Dr. Aikens' affidavit, and the Plaintiff's medical records that the Plaintiff received medical care for his physical conditions on or about June 20, 2010, and that Defendant Aikens did not deny

Plaintiff medical care for any alleged injuries or conditions about which he had knowledge during the time period in question.   (Doc. 35-2, 35-3, 35-4).   In his affidavit, Defendant Aikens testifies that Plaintiff's medical records show his history of a seizure disorder with non-adherence to prescribed medications.   (Doc. 35-3, ¶¶6, 7).   On June 16, 2010, the Plaintiff was assigned to segregation at Autry State Prison, where medical staff were required to examine inmates three times per week.   *Id.* at ¶¶19, 20.   Plaintiff's medical records show that he was seen by medical staff twenty-four (24) times between June 18 and August 13, 2010, and did not voice complaints of pain during the majority of these consultations.   *Id.* at ¶¶ 21, 23.

Defendant Aikens further testifies that Plaintiff was assessed by medical staff on June 21, 2010.   *Id.* at ¶ 25.   Medical records show that staff noted that Plaintiff had suffered a seizure, was non-compliant with medications and had been on a hunger strike.   (Doc. 35-4, pp. 8, 9).   Plaintiff was ultimately provided Valium intravenously and transported to a local Emergency Room for evaluation that same day.   (Doc. 35-3, ¶ 27).   This evaluation showed seizure activity, a history of seizure disorder, and the Plaintiff's non-compliance with seizure medications.   *Id.* at ¶ 28.   No other findings regarding head trauma, pain, or bruising were noted.   *Id.* at ¶ 30.   In subsequent visits and examinations by the medical staff, the Plaintiff did not complain of head pain.   *Id.* at ¶¶ 32, 33.   Following an examination by Defendant Aikens on July 5, 2010, wherein Defendant Aikens noted a knot on Plaintiff's forehead, the Plaintiff underwent a follow-up x-ray of his skull, which showed normal results.   *Id.* at ¶¶37, 40.   Plaintiff thereafter reported continuing headaches, and was provided with pain medication.   (Doc. 35-4, pp. 5, 6).   Defendant Aikens continued to see the Plaintiff for

medical consultations through September 2010.   (Doc. 35-3 at ¶¶44-47.)

Plaintiff's allegations in his Complaints, his medical records, and Defendant Aikens' affidavit testimony establish that Defendant Aikens provided medical care to the Plaintiff when the Plaintiff appeared to have, or presented with, a medical need.   Defendant Aikens has thus met his burden to establish the absence of a genuine issue of material fact regarding the care and treatment provided to the Plaintiff.   The burden now shifts to the Plaintiff to rebut Defendant Aikens' summary judgment showing.   *Celotex*, 477 U.S. at 324.

However, Plaintiff has not responded to Defendant Aikens' Motion for Summary Judgment.   Viewing the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff as the non-moving party, the Plaintiff has failed to establish that Defendant Aikens acted with deliberate indifference to any serious medical condition suffered by the Plaintiff.   The Plaintiff's Complaints, Dr. Aikens' affidavit, and the Plaintiff's medical records detail the medical attention and treatment Plaintiff received while confined at Autry State Prison, including an Emergency Room assessment following his June 20, 2010 fall. Plaintiff simply asserts that said treatment was inadequate.

To the extent that the Plaintiff disagrees with the course of treatment provided by Defendant Aikens, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference.   "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.   Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."   *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).   Furthermore, the Plaintiff has failed to

establish that any delay in treatment exacerbated his conditions.   "[D]elay in medical
treatment must be interpreted in the context of the seriousness of the medical need, deciding
whether the delay worsened the medical condition, and considering the reason for the delay."
*Hill v. DeKalb RYDC*, 40 F.3d 1176, 1189 (11th Cir. 1994), *overruled in part on other grounds*,
*Hope v. Pelzer*, 536 U.S. 730 (2002).   "An inmate who complains that delay in medical
treatment rose to a constitutional violation must place verifying medical evidence in the record
to establish the detrimental effect of delay in medical treatment to succeed." *Id.* at 1188.

   "Prison officials must have been deliberately indifferent to a known danger before we
can say that their failure to intervene offended 'evolving standards of decency', thereby rising
to the level of a constitutional tort.   The known risk of injury must be 'a strong likelihood,
rather than a mere possibility'".   *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990)
(quoting *Estelle* , 429 U.S. 97 and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)).
The Plaintiff has failed to rebut the evidence of record establishing that the Plaintiff was
provided with treatment for his medical condition.   "Where a prisoner has received . . .
medical attention and the dispute is over the adequacy of treatment, federal courts are
generally reluctant to second guess medical judgments."   *Hamm v. DeKalb County*, 774 F.2d
1567, 1575 (11th Cir. 1985).   As in *Hamm*, the "evidence shows that [Plaintiff] received
significant medical care while at the [prison].   Although [Plaintiff] may have desired different
modes of treatment, the care the [prison] provided did not amount to deliberate indifference."
*Id.*

   Based on the Plaintiff's failure to establish that Defendant Aikens acted with deliberate
indifference to his serious medical needs, it is the recommendation of the undersigned that

6

Defendant Aikens' Motion for Summary Judgment be **GRANTED**.   Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### *Motions for appointment of counsel*

Plaintiff has filed two (2) motions seeking the appointment of counsel.   (Docs. 41, 42). The Court has already denied three previously filed motions for the appointment of counsel. (Doc. 32).   The Court has also stated that on its own motion it will consider obtaining legal representation for the Plaintiff if and when it becomes apparent that such legal assistance is required to avoid prejudice to his rights.   Plaintiff continues to clearly set forth his contentions and he has not alleged any change in the case such that exceptional circumstances now exist to warrant appointment of legal counsel.   Accordingly, the Plaintiff's motions for appointment of Counsel are **DENIED**.

### *Motions for leave to file an amended complaint*

Plaintiff filed two (2) motions for leave to file amended complaints, in which he appears to seek to clarify his claims.   (Docs. 43, 47).   Inasmuch as the Plaintiff failed to file his Motions for Leave to Amend within 21 days of the filing of Defendant Aikens' Answer, his motions to amend cannot be granted under Rule 15(a)(1).   *See* Doc. 30, Answer by Defendant Aikens.

Pursuant to Rule 15(a)(2),

> [i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.   *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246,

249 (11th Cir. 1982).   "While motions to amend are committed to the sound discretion of the district court, this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'" *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988). Accordingly, "a justifying reason must be apparent for denial of a motion to amend."   *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).   The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'"   *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."   *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

Plaintiff's motions for leave to file amended complaints were filed approximately one year after the filing of Plaintiff's original Complaint and at least three (3) months after the filing of Defendant Aikens' Motion for Summary Judgment. (Docs. 1, 35).   Inasmuch as Plaintiff waited to attempt to amend his complaint until after the filing of a dispositive motion, the Court finds that the Plaintiff sought leave to amend his complaint with undue delay.   Additionally, the Court finds that allowing an amendment at this point in the proceedings would prove futile and would unduly prejudice the remaining Defendant, who has already filed a dispositive motion.   *See Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984) (denial of motion to add parties affirmed, as defendants were ready for trial and would have been prejudiced by delay and expense occasioned by additional discovery); *Keith v. Stewart*, 2006 WL 2298004 (N.D.Ga.) (leave to amend a complaint to add defendant on deliberate indifference claims denied as futile where motion to amend was filed after defendant filed a summary judgment motion and the court had already found that the named defendants were entitled to entry of summary judgment on deliberate indifference claims).

The undersigned has issued a recommendation that Defendant Aikens' Motion for Summary Judgment be granted, based on a finding that Plaintiff failed to establish Aikens' deliberate indifference.   Inasmuch as the Plaintiff's motions for leave to file amended complaints were filed with undue delay and the proposed amendments would prove futile and would unduly prejudice the remaining Defendant, Plaintiff's motions for leave to file an amended complaint are hereby **DENIED**.

***Motion for appeal transcript***

In a motion filed on April 5, 2012, the Plaintiff seeks a transcript of these proceedings for purposes of filing an appeal with the Eleventh Circuit.   (Doc. 40).   As this motion is premature, it is **DENIED**.

**SO ORDERED and RECOMMENDED**, this 24th day of October, 2012.

**s/ *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

asb